Michael N. Zachary (SBN 112479)
mzachary@bdiplaw.com
Nicholas S. Mancuso (SBN 271668)
nmancuso@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone:     (650) 351-7248
Facsimile:     (415) 426-4744

*Attorneys for Plaintiff*
*Larry G. Philpot*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>        Plaintiff,<br><br>    v.<br><br>HUBPAGES INC.,<br><br>        Defendant. | CASE NO. 3:18-cv-5284<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT**<br><br>JURY TRIAL DEMANDED |

COMPLAINT                                                                 CASE NO. 3:18-cv-5284

# COMPLAINT

Larry G. Philpot ("Mr. Philpot" or "Plaintiff") complains against defendant Hubpages Inc. ("Hubpages" or "Defendant") as follows:

1.      Mr. Philpot is a professional photographer who has taken many well-known and sought after photographs of musicians live in concert.  Defendant Hubpages has used Mr. Philpot's photographs of musicians Willie Nelson, Norah Jones, and Tom Petty for its own commercial gain, without Mr. Philpot's permission and with the photographs' copyright management information stripped.  As such, Hubpages is liable to Mr. Philpot for damages for copyright infringement and violations of the Digital Millennium Copyright Act.

## JURISDICTION AND VENUE

2.      This civil action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq*, and under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202 *et seq*.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28 U.S.C. § 1338.

3.      This Court has personal jurisdiction over Hubpages by virtue of the fact that it transacts and does business in this District.  Upon information and belief, Hubpages is registered to do business in California; it maintains business locations in San Francisco, Oakland, and Berkeley, California; and its agent for service of process is located in Burlingame, California. Hubpages's website targets residents in this District.  A substantial part of the relevant events alleged in this Complaint occurred in this District.

4.      Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Hubpages is registered to do business in California; because it transacts, does business, and maintains business locations in this District; because it has a designated agent located in this District; because its website targets residents in this District; and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

5.     Mr. Philpot is a professional photographer whose work focuses exclusively on concert events across the United States.  Mr. Philpot resides in Indianapolis, Indiana.  Mr. Philpot's photographs of leading concert performers are known for their high quality and acuity.

6.     Defendant Hubpages is a Delaware corporation that is registered to do business in California, with a business location at 2120 University Ave., Berkeley, California 94704; a business location at 1429 Channing Way, Berkeley, California 94702; a business location at 95 Minna Street, 3rd floor, San Francisco, California 94105; a business location at 1111 Broadway, Floor 3 (Room #169), Oakland, California 94607; and an agent for service of process located at 1561 Drake Avenue, Burlingame, California 94040.

7.     On information and belief, Hubpages owns and operates a website at www.hubpages.com.  The website contains articles on a wide variety of topics.  Individuals may sign up for a Hubpages account and submit articles for publication on the website, as well as comment on articles that have been written by others.  Hubpages pays authors for their articles.  Hubpages provides authors with a list of topics to choose from; pre-screens, edits, and deletes content; monitors postings; and bans articles with certain topics from being posted. The website generates revenue from advertisements.

**FACTS COMMON TO ALL COUNTS**

8.     On October 4, 2009, Mr. Philpot took a photograph of entertainer Willie Nelson in performance at Farm Aid 2009 in Saint Louis, Missouri (the "Nelson Photograph").  The photograph is an original work that is copyrighted under United States law and was registered with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411.  Plaintiff's registration is attached hereto as **Exhibit A**.

9.     Mr. Philpot has been and is the sole owner of the copyright in the Nelson Photograph. The Nelson Photograph was uploaded on May 31, 2011 to the Wikimedia website at the following URL:

https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg.  The Nelson Photograph from Wikimedia is attached as **Exhibit B**.

10.     Mr. Philpot agreed to make the Nelson Photograph available through the website Wikimedia for reproduction, distribution, public display, public performance, and public digital performance of the photograph and derivative works, solely under and pursuant to the terms of the Creative Commons Attribution 2.0 Generic license (the "CC 2.0 License").  The terms of the CC 2.0 License require the licensee to keep intact all copyright notices for the work and to provide attribution to the author if the work, or a derivative work, is distributed, publicly displayed, publicly performed, or publicly digitally performed.  Mr. Philpot requires that the photograph be attributed to him as part of the license.  Screenshots of the license and attribution requirements, taken on August 23, 2018, are attached as **Exhibit C**.  The requirements have been in effect since the photograph was first uploaded to Wikimedia.

11.     On the Wikimedia website, the Nelson Photograph contains copyright management information (CMI), including metadata, which indicates that Mr. Philpot is the author of the photograph, that the photograph must be attributed to Mr. Philpot, and that the photograph is copyrighted by Mr. Philpot.

12.     Defendant and/or its agents have infringed Mr. Philpot's copyright in the Nelson Photograph by reproducing, publicly displaying, and publicly distributing the Nelson Photograph on the hubpages.com website without authorization or proper attribution as required under the terms of the applicable license.  Hubpages and/or its agents used the Nelson Photograph as part of an article posted five years ago titled "Do You Know The Top 12 Country Songs Ever."  Hubpages and/or its agents did not receive permission from Mr. Philpot to use the Nelson Photograph, nor did they provide proper attribution to Mr. Philpot with the photograph. A screenshot of the infringement, taken on August 23, 2018, is attached hereto as **Exhibit D**.  As of the date of this Complaint, the infringement is still live and can be viewed at the following URL:     https://hubpages.com/entertainment/forum/106714/do-you-know-the-top-12-country-songs-ever.  On information and belief, the statute of limitations for the Nelson Photograph has not expired because Defendant's infringement is ongoing.

13.     Defendant owns, operates, and/or has a financial interest in or benefits from the hubpages.com website.  Hubpages and/or its agents used the Nelson Photograph to enhance the content on its website, drawing more visitors to the website, all for Defendant's financial gain.

14.     Defendant and/or its agents have reproduced, publicly distributed, and publicly displayed the Nelson Photograph with the DMCA copyright management information, including metadata, stripped from the photograph.

15.     Defendant misrepresented that it owned the copyright in the Nelson Photograph with the notice that appears on every page of its website which states: "Copyright © 2018 HubPages Inc. and respective owners."  A screen shot of the notice, taken on August 23, 2018, is attached as **Exhibit E**.

16.     On or about November 20, 2014 and March 21, 2015, Mr. Philpot sent cease and desist letters regarding the Nelson Photograph to Hubpages.  Hubpages responded to the cease and desist letters via email on December 2, 2014 and April 8, 2015.  Hubpages falsely claimed to be protected by the Digital Millennium Copyright Act (DMCA) Safe Harbor and as of the date of this Complaint has failed to remove the infringement.  Copies of the cease and desist letters are attached as **Exhibit F**.  A copy of the email correspondence is attached as **Exhibit G**.

17.     On information and belief, Hubpages is not protected by the DMCA Safe Harbor because it only protects service providers for infringement that occurs "at the direction of a *user*."  17 U.S.C. § 512(c)(1) (emphasis added).  Here, the infringement was "at the direction of" Hubpages, because Hubpages exercises considerable editorial control over the articles on its website.  Furthermore, the infringement was "at the direction of" Hubpages agents rather than users, because Hubpages pays its authors for their articles.  In the alternative, even if Hubpages did qualify for the Safe Harbor—which it does not—Mr. Philpot's cease and desist letters that were provided to Defendant's designated DMCA agent substantially complied with the notice requirements of Section 512(c)(3)(A), and therefore under Section 512(c)(1)(A), Hubpages was required to remove or disable access to the infringement.  *See* 17 U.S.C. § 512(c)(1)(A) & (3)(A).

18.     On October 2, 2010, Mr. Philpot took a photograph of entertainer Norah Jones in performance at Farm Aid 2010 in Milwaukee, Wisconsin (the "Jones Photograph").   The photograph is an original work that is copyrighted under United States law and was registered with the United States Copyright Office on May 17, 2013 with the Certificate Number VAu 1-164-648.  Plaintiff's registration is attached hereto as **Exhibit H**.

19.     Mr. Philpot has been and is the sole owner of the copyright in the Jones Photograph. Mr. Philpot uploaded the Jones Photograph on October 4, 2013 to the Wikimedia website at the following URL:  https://commons.wikimedia.org/wiki/File:Norah.jpg.   The Jones Photograph from the Wikimedia website is attached as **Exhibit I**.

20.     Mr. Philpot agreed to make the Jones Photograph available through the website Wikimedia for reproduction, distribution, and public performance of the photograph and adaptations, solely under and pursuant to the terms of the Creative Commons Attribution-ShareAlike 3.0 Unported license (the "CC 3.0 License").  The terms of the CC 3.0 License require the licensee to keep intact all copyright notices for the work and to provide attribution to the author if the work, or an adaptation, is distributed or publicly performed.  Mr. Philpot requires that the photograph be attributed to him as part of the license.  Screenshots of the license and attribution requirements, taken on August 23, 2018, are attached as **Exhibit J**.  The requirements have been in effect since Mr. Philpot first uploaded the photograph to Wikimedia.

21.     On the Wikimedia website the Jones Photograph contains copyright management information (CMI), including metadata, which indicates that Mr. Philpot is the author of the photograph, that the photograph must be attributed to Mr. Philpot, and that the photograph is copyrighted by Mr. Philpot.

22.     Defendant and/or its agents have infringed Mr. Philpot's copyright in the Jones Photograph by reproducing, publicly displaying, and publicly distributing the Jones Photograph on the hubpages.com website without authorization or proper attribution as required under the terms of the applicable license.  Hubpages and/or its agents used the Jones Photograph as part of an article posted in 2014 titled "Love Songs that Say 'I Love You'."  Hubpages and/or its agents did not receive permission from Mr. Philpot to use the Jones Photograph, nor did they provide

proper attribution to Mr. Philpot with the photograph; rather, the photograph is misattributed to "Wikipedia."  A screenshot of the infringement, taken on August 24, 2018, is attached hereto as **Exhibit K**.  As of the date of this Complaint, the infringement is still live and can be viewed at the following URL: https://hubpages.com/entertainment/Songs-that-Say-I-Love-You.   Plaintiff discovered the infringement within three years prior to the filing of this Complaint.

23.     Defendant owns, operates, and/or has a financial interest in or benefits from the hubpages.com website.  Hubpages and/or its agents used the Jones Photograph to enhance the content on its website, drawing more visitors to the website, all for Defendant's financial gain.

24.     Defendant and/or its agents have reproduced, publicly distributed, and publicly displayed the Jones Photograph with the DMCA copyright management information, including metadata, stripped from the photograph.

25.     Defendant and/or its agents misrepresented that they owned the copyright in the Jones Photograph with the notice that appears on every page of its website which states: "Copyright © 2018 HubPages Inc. and respective owners" and the copyright notice on the article which states: "© 2014 [Hubpages author]."  Screenshots of the notices, taken on August 23, 2018 and August 24, 2018, are attached as **Exhibit K** and **Exhibit L**.

26.     On June 28, 2013, Mr. Philpot took a photograph of entertainer Tom Petty in performance in Milwaukee, Wisconsin (the "Petty Photograph").   The photograph is an original work that is copyrighted under United States law and was registered with the United States Copyright Office on August 21, 2013 with the Certificate Number 1-164-624. Plaintiff's registration is attached hereto as **Exhibit M**.

27.     Mr. Philpot has been and is the sole owner of the copyright in the Petty Photograph. The Petty Photograph was uploaded on July 19, 2013 to the Wikimedia website at the following URL:   https://commons.wikimedia.org/wiki/File:Tom_Petty_2.jpg.       The Petty Photograph from Wikimedia is attached as **Exhibit N**.

28.     Mr. Philpot agreed to make the Petty Photograph available through the website Wikimedia for reproduction, distribution, and public performance of the photograph and adaptations, solely under and pursuant to the terms of the Creative Commons Attribution-

ShareAlike 3.0 Unported license (the "CC 3.0 License").  The terms of the CC 3.0 License require the licensee to keep intact all copyright notices for the work and to provide attribution to the author if the work, or an adaptation, is distributed or publicly performed.  Mr. Philpot requires that the photograph be attributed to him as part of the license.  Screenshots of the license and attribution requirements, taken on August 23, 2018, are attached as **Exhibit O**.  The requirements have been in effect since the photograph was first uploaded to Wikimedia.

29.     On the Wikimedia website, the Petty Photograph contains copyright management information (CMI), including metadata, which indicates that Mr. Philpot is the author of the photograph, that the photograph must be attributed to Mr. Philpot, and that the photograph is copyrighted by Mr. Philpot.

30.     Defendant and/or its agents have infringed Mr. Philpot's copyright in the Petty Photograph by reproducing, publicly displaying, and publicly distributing the Petty Photograph on the hubpages.com website without authorization or proper attribution as required under the terms of the applicable license.  Hubpages and/or its agents used the Petty Photograph as part of an article posted in 2012 titled "20 Facts About Gainesville, FL."  Hubpages and/or its agents did not receive permission from Mr. Philpot to use the Petty Photograph, nor did they provide proper attribution to Mr. Philpot with the photograph.  A screenshot of the infringement, taken on February 28, 2016, is attached hereto as **Exhibit P**.  Plaintiff discovered the infringement within three years prior to the filing of this Complaint.

31.     Defendant owns, operates, and/or has a financial interest in or benefits from the hubpages.com website.  Hubpages and/or its agents used the Petty Photograph to enhance the content on its website, drawing more visitors to the website, all for Defendant's financial gain.

32.     Defendant and/or its agents have reproduced, publicly distributed, and publicly displayed the Petty Photograph with the DMCA copyright management information, including metadata, stripped from the photograph.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. § 501

33.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 32, above.

34.    Mr. Philpot is the owner of all rights, title, and interest in the copyrights to the Nelson, Jones, and Petty Photographs, which consist of material wholly original with Plaintiff and which are copyrighted subject matter under the laws of the United States.  Mr. Philpot has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  The Nelson, Jones, and Petty Photographs have been timely registered with the United States Copyright Office, including for purposes of Plaintiff's recovery of attorneys' fees and statutory damages.

35.    Defendant and/or its agents have directly infringed Mr. Philpot's copyrights in the Nelson, Jones, and Petty Photographs by using the photographs on the hubpages.com website, thus reproducing, displaying publicly, and distributing to the public the photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq*., without attributing the photographs to Mr. Philpot and on information and belief, after removing and/or altering the photographs' identifying copyright management information, including metadata, and/or having knowledge of its removal and/or alteration.

36.    On information and belief, Defendant and/or its agents have willfully infringed Mr. Philpot's copyrights in the Nelson, Jones, and Petty Photographs by using the photographs on the hubpages.com website with knowledge that the photographs were protected by copyright and without attributing the photographs to Mr. Philpot, after taking the photographs from Wikimedia and/or other online locations which included copyright management information, including metadata, and removing and/or altering the copyright management information and/or having knowledge of its removal and/or alteration, and in addition by failing to remove the photographs after receiving Mr. Philpot's cease and desist letters.

37.    As a result of Defendant's and/or its agents' acts of copyright infringement as alleged herein, Plaintiff has suffered substantial damages in an amount to be established at trial.

38.     As a result of Defendant's and/or its agents' acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringements.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringements, in an amount to be established at trial.

39.     Plaintiff is informed and believes and thereon alleges that Defendant and/or its agents have committed the acts of copyright infringement alleged herein with actual knowledge or reckless conduct, thus acting in disregard to Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement and enhanced damages.

## SECOND CLAIM FOR RELIEF

### For Violations of the Digital Millennium Copyright Act,

### 17 U.S.C. §§ 1202 and 1203

40.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 39 above.

41.     Plaintiff is informed and believes and thereon alleges that Defendant and/or its agents violated 17 U.S.C. §1202 et seq. by intentionally removing and/or altering the Nelson, Jones, and Petty Photographs' identifying copyright management information, including metadata, without the authority of Mr. Philpot or the law, and/or by distributing the photographs with the copyright management information removed and/or altered, knowing the same had been removed or altered without the authority of Mr. Philpot or the law, knowing or having reasonable grounds to know that such actions would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

42.     Specifically, Plaintiff is informed and believes, and thereon alleges, that Defendant and/or its agents took the Nelson, Jones, and Petty Photographs from Wikimedia and/or other online locations which included copyright management information, including metadata, and without the authority of Mr. Philpot or the law, removed and/or altered that copyright management information, and/or that Defendant and/or its agents took the photographs

knowing that the copyright management information had been removed and/or altered without the authority of Mr. Philpot or the law, and used the photographs on the hubpages.com website knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.  Defendant continued to display the scraped and altered Nelson, Jones, and Petty Photographs on its website after receiving written demands to cease and desist infringement from Plaintiff.

43.     Plaintiff is informed and believes and thereon alleges that Defendant and/or its agents further violated 17 U.S.C. §1202 et seq. by knowingly and with the intent to induce, enable, facilitate, or conceal infringement, providing copyright management information that is false and distributing copyright management information that is false, by misattributing the Jones Photograph to Wikipedia, and by falsely representing that Defendant and/or its agents held copyright rights in the Nelson, Jones, and Petty Photographs with the copyright notices on the hubpages.com website.

44.     The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendant to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees.

45.     Plaintiff is informed and believes and thereon alleges that Defendant's and/or its agents' conduct as alleged herein was willful, reckless, and/or with knowledge, and that Defendant and/or its agents acted knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal an infringement of any right under this title, and that Defendant and/or its agents also acted knowingly and with the intent to induce, enable, facilitate, or conceal infringement, so that Plaintiff is entitled to seek enhanced damages and penalties.

46.     As a result of Defendant's and/or its agents' actions, Plaintiff has suffered substantial damages in an amount to be established at trial.

47.     As a result of Defendant's and/or its agents' actions, Defendant has obtained direct and indirect profits it would not otherwise have realized.  Plaintiff is entitled to disgorgement of Defendant's profits, in an amount to be established at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. That Defendant and its respective agents and employees and those acting in concert with them be enjoined from infringing Plaintiff's copyrights in any manner;

b. That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, plus any other monetary advantage gained by Defendant through its infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded damages for Defendant's violations of 17 U.S.C. § 1202, including all available damages under 17 U.S.C. § 1203;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Respectfully submitted,

Dated: August 28, 2018

By: /s/ Michael N. Zachary
Michael N. Zachary (SBN 112479)
mzachary@bdiplaw.com
Nicholas S. Mancuso (SBN 271668)
nmancuso@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone:    (650) 351-7248
Facsimile:    (415) 426-4744

*Attorneys for Plaintiff*
*Larry G. Philpot*

1

### DEMAND FOR JURY TRIAL

2

Plaintiff Larry G. Philpot hereby demands trial by jury of all issues so triable under the

3

law.

4

5

Respectfully submitted,

6

7

Dated: August 28, 2018                         By: /s/ Michael N. Zachary
                                               Michael N. Zachary (SBN 112479)
8                                              mzachary@bdiplaw.com
                                               Nicholas S. Mancuso (SBN 271668)
9                                              nmancuso@bdiplaw.com
                                               Hillary N. Bunsow (SBN 278719)
10                                             hillarybunsow@bdiplaw.com
                                               BUNSOW DE MORY LLP
11                                             701 El Camino Real
                                               Redwood City, CA 94063
12                                             Telephone:    (650) 351-7248
                                               Facsimile:    (415) 426-4744
13

14                                             *Attorneys for Plaintiff*
                                               *Larry G. Philpot*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                             -12-                    CASE NO. 3:18-cv-5284