Michael N. Zachary (SBN 112479)
mzachary@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
Nicholas S. Mancuso (SBN 271668)
nmancuso@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone:   (650) 351-7248
Facsimile:   (415) 426-4744

Attorneys for Plaintiff
*Larry G. Philpot*

John F. Olsen, Esq.
**FERDINAND IP**
800 West El Camino Real, Ste. 180
Mountain View, CA 94040
jolsen@24iplg.com
(858) 412-4515
Cal. Bar. No. 157465

Edmund J. Ferdinand, III
**FERDINAND IP, LLC**
450 Seventh Avenue, Suite 1300
New York, NY 10123
jferdinand@24iplg.com
(212) 220-0523
N.Y. Bar. No. 2605988

Attorneys for Defendant
*Hubpages, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>               Plaintiff,<br><br>     v.<br><br>HUBPAGES, INC.,<br><br>               Defendant. | CASE NO. 5:18-cv-05284-SVK<br><br>**JOINT STATEMENT RE DISCOVERY DISPUTES** |

Larry G. Philpot ("Plaintiff") and Hubpages, Inc. ("Defendant") submit this JOINT STATEMENT RE DISCOVERY DISPUTES pursuant to Fed. Rule Civ. Proc. 37, the *Civil Scheduling and Discovery Standing Order, Magistrate Judge Susan van Keulen* and Civil L.R. 37. Counsel for the Parties met and conferred on April 11, 2019, and thereafter by email, but were unable to resolve the disputes. The close of fact discovery in this case is April 30, and trial is scheduled for December 9. The disputed issues are as follows:

### Scheduling of the 30(b)(6) Deposition of Defendant and Mediation

**Plaintiff's statement:** Plaintiff noticed the 30(b)(6) deposition of Defendant on March 29 (*see* **Exhibit A**), to ensure that the deposition–the only one Plaintiff plans to take–occurred before the close of discovery on April 30. In the notice, Plaintiff requested a date of April 18, "or at such other time and place as may be agreed upon by counsel." *Id.* Plaintiff received no response. Plaintiff's counsel followed up by email on April 9 to confirm that Defendant planned to produce a witness on April 18. Defendant's counsel finally responded, on April 9, eleven days after the original notice, that Defendant would not produce a witness on April 18. Defendant offered no alternative dates. Counsel also asserted that Plaintiff should have conferred with Defendant under Civil L.R. 30-1 before serving the notice. However, despite several discussions, Defendant still has failed to offer a date for the deposition except May 9, which is after the close of fact discovery on April 30 and after the mediation which has long been scheduled for May 8. Defendant, although it is a local company, did not offer any explanation why it was "unavailable."

On April 16, Defendant requested that the mediation be postponed until the conclusion of expert discovery. Plaintiff opposed, noting that it was Defendant's position that mediation should occur after initial discovery and before the start of expert discovery. *See* the Parties' Joint CMC Statement. Defendant has since withdrawn its request to reschedule the mediation, but still refuses to provide its witness either prior to the close of discovery, or prior to the mediation. Rescheduling the mediation would be costly for Plaintiff, who resides in Indiana and has already purchased nonrefundable accommodations to attend. Plaintiff has already so informed Defendant.[1]

---

[1] Defendant is attempting to raise its own discovery dispute regarding Plaintiff's discovery responses and expert discovery in this Joint Statement, which is improper. Plaintiff received notice of the discovery dispute today via letter and will respond appropriately after considering the request.

**Defendant's statement:** In Plaintiff's Rule 30(b)(6) notice of deposition of Defendant, Plaintiff unilaterally set a date of April 18, violating Civil Local Rule 30-1 by failing to confer with Defendant's counsel on scheduling the date for the deposition prior to serving their notice.

Plaintiff's counsel followed up on April 9, seeking to confirm that Defendant planned to produce a witness on April 18.  The following day, Defendant's counsel responded that Defendant is unavailable on April 18 and through the remainder of April due to prior-scheduled engagements, and requested a telephone meet-and-confer to discuss scheduling.  Defendant's counsel also notified Plaintiff's counsel that Plaintiff violated Civil Local Rule 30-1 by failing to confer on scheduling before serving the notice.  And, with fact discovery scheduled to close on April 30, Defendant proposed jointly seeking a 30-day extension to allow time for this deposition to held on a date convenient to all parties; Plaintiff refused to agree.

The next day, during the parties' telephone meet-and-confer, Defendant's counsel informed Plaintiff's counsel that the earliest date a witness could be made available was May 9.  Although offering to hold the deposition after the April 30 close of fact discovery, Plaintiff's counsel has insisted that the deposition be held prior to the mediation scheduled for May 8, later explaining Plaintiff's position that the mediation "should occur after we have the information derived from your client's deposition." *However, Defendant has not yet had the benefit of full discovery from Plaintiff.* Plaintiff has not produced <u>any</u> documents evidencing the licensing value of his allegedly-infringed photographs, and—most importantly for purposes of mediation—Plaintiff's responses to Defendant's interrogatories seeking the amounts and computations of his alleged damages were completely non-responsive, asserting that the responses call for expert analysis which would be produced during expert discovery period.[2]

Accordingly, to assuage Plaintiff's desire while allowing Defendant a fair and equal opportunity for full discovery, Defendant proposed that the mediation be postponed until after expert discovery (which would also allow for Plaintiff's 30(b)(6) deposition of Defendant to be held before the mediation); Plaintiff refused to agree.

---

[2] Defendant has raised a dispute with Plaintiff on these discovery deficiencies, which will be brought to the Court if not resolved in a timely manner.

Plaintiff's urgency to hold Defendant's deposition before the mediation, while refusing to allow the mediation to be held after expert discovery (when Plaintiff has represented that his damages valuation/computations/evidence will, at last, be produced to Defendant), transparently shows Plaintiff's true, bad faith intention in bringing this needless scheduling dispute to the Court – to obtain unfair negotiating leverage for the mediation.

**Plaintiff's compromise:** Plaintiff can agree to a limited extension of the fact discovery deadline solely to depose Defendant's witness, but it must occur before the mediation on May 8. It is unreasonable that Defendant is unavailable until May 9, when it received a notice on March 29, and knew that the fact discovery deadline was April 30, and the mediation date was May 8.

**Defendant's compromise:** Defendant proposes that it produce a witness for the noticed deposition on May 9; and/or that fact discovery be modestly extended to accommodate the scheduling of this deposition; and/or that the mediation be postponed until after expert discovery and after the deposition can be held on a date when all parties are available.

### Scope of the 30(b)(6) Deposition of Defendant

**Plaintiff's statement:** Defendant has served substantive objections to the deposition notice, and apparently intends not to produce a witness to respond to several highly relevant topics. *See* **Exhibit B**. Defendant should be compelled to provide a witness on all of these topics. It is common practice for parties to object to Rule 30(b)(6) deposition notices. If the deponent could hold up the deposition and refuse to provide a witness on objected-to topics by virtue of serving objections, not only would that create satellite litigation requiring adjudication of every such deposition notice, taxing judicial resources, it would also seriously delay the taking of every such deposition, which appears to be Defendant's exact objective in this case. Plaintiff's topics are typical of copyright cases–there is nothing unusual or extraordinary about them.

**Defendant's statement:** Defendant has no intention to "hold up" the deposition, and as stated in its written objections, Defendant fully intends to produce a witness to testify on most of the topics noticed by Plaintiff. However, Plaintiff's deposition notice sets forth a substantial number of topics for examination which are vastly overbroad and unduly burdensome, disproportionate to the needs of the case, encompassing a substantial amount of irrelevant and immaterial testimony,

vague, ambiguous, lacking foundation, and duplicative in many respects – and clearly intended to impose an undue, abusive burden upon Defendant. Defendant objected to these deposition topics in writing on April 10.[3] *See* attached **Exhibit B**. During the parties' meet-and-confer on these issues, Plaintiff refused any change or limitation.

**Plaintiff's compromise:** Plaintiff's deposition topics are appropriate for this case. If Defendant objects to any topics, it can so state in response to specific questions at the deposition. For example, at deposition, if the question is outside a reasonable reading of the topic, it can assert the question is outside the scope, and that the witness should not have had to prepare on it.

**Defendant's compromise:** Defendant proposes that the 30(b)(6) topics which Defendant objects to in their entireties be omitted, and that reasonable limitations be placed on the topics objected to in part to limit such topics to testimony that is relevant, proportional to the needs of the case, and non-duplicative.

### Plaintiff's Request for Production #18

RFP #18 requests "All DOCUMENTs which constitute, show or reflect any claims made by third parties that the display of content on any ACCUSED WEBSITE or ACCUSED WEBPAGE was improper, including that such display constituted copyright infringement." In response, Defendant produced documents solely related to *Plaintiff's* claims.

**Plaintiff's statement:** Defendant should produce documents relating to claims made by persons other than Plaintiff, as this evidence is relevant to Plaintiff's claims of DMCA violations and willful copyright infringement, because the evidence is probative of whether Defendant was aware that metadata might have been removed from photos on www.hubpages.com, and whether Defendant was aware that copyright infringement might be occurring on www.hubpages.com.

While Defendant maintains it is insulated from liability for third-party postings due to the DMCA safe harbor defense, it is Plaintiff's position that the safe harbor does not apply to Plaintiff's claims, and therefore Defendant cannot avoid producing documents on these grounds.

---

[3] Plaintiff objected to Defendant explaining its substantive objections in the body of this submission. To the extent the Court does not find that Plaintiff's noticed deposition topics are facially improper, Defendant respectfully asks that the Court grant leave for the parties to submit briefing on entry of a protective order appropriately limiting the deposition topics.

**Defendant's statement:** Defendant contends that this request is vastly overbroad and disproportionate to the needs of this case, and seeks documents that are irrelevant and immaterial to any claim or defense in this action. First, this request is not limited to claims addressed at the use of photographs on the website, not limited to the relevant time period of Plaintiff's claims in this action, and not limited to claims arising under U.S. copyright law, and thus clearly seeks a vastly overbroad category of documents. Second, this claim encompasses DMCA takedown notices addressed at user-submitted content posted on the website by third parties, which cannot support a finding of willfulness given that Defendant is insulated from infringement liability for such user-submitted content by the DMCA's safe harbor provision. And third, the mere fact that a claim of impropriety occurred, even if such a claim was purported to arise under copyright law (which the request does not so limit; Plaintiff's compromise set forth in this letter is the first time Plaintiff has proposed such a limitation), does not mean that any such claim has merit, and thus themselves are not probative of Defendant's awareness of removal of metadata and/or copyright infringement on its website. Instead, determination of probative value would require determination of the merits of these claims – rendering this request disproportionate to the needs of this case, given that these unsubstantiated "claims" would themselves provide no probative value towards whether Defendant was aware of copyright infringement or metadata removal occurring on its website, and the burden of substantiating the merits of any such claim – again, effectively requiring litigation the merits of each such claim – plainly outweighs any likely benefit.

**Plaintiff's compromise:** Plaintiff will limit his request to documents which constitute, show or reflect claims made by third parties that the display of a photo(s) on www.hubpages.com (and related websites) violated the DMCA due to metadata removal, and/or that display of the photo without attribution constituted copyright infringement. Plaintiff is also willing to agree to a reasonable time limitation of one year prior to the date that the earliest infringement alleged in Plaintiff's complaint was posted, up to the date Plaintiff's lawsuit was filed (August 28, 2018).

**Defendant's compromise:** For the reasons set forth above, Defendant maintains its objection to further production of documents responsive to this request on grounds of overbreadth, undue burden, irrelevance, immateriality, and disproportionality.

1  Respectfully submitted,

2

3  Dated: April 17, 2019                    By: */s/ Hillary Bunsow*
                                                Michael N. Zachary (SBN 112479)
4                                               mzachary@bdiplaw.com
                                                Hillary N. Bunsow (SBN 278719)
5                                               hillarybunsow@bdiplaw.com
                                                Nicholas S. Mancuso (SBN 271668)
6                                               nmancuso@bdiplaw.com
                                                **BUNSOW DE MORY LLP**
7                                               701 El Camino Real
                                                Redwood City, CA 94063
8                                               Telephone:   (650) 351-7248
                                                Facsimile:   (650) 351-7253
9

10                                              Attorneys for Plaintiff
                                                *Larry G. Philpot*
11

12 Dated: April 17, 2019                    By: */s/ Edmund J. Ferdinand, III*
                                                John F. Olsen, Esq.
13                                              **FERDINAND IP**
                                                800 West El Camino Real, Ste. 180
14                                              Mountain View, CA 94040
                                                jolsen@24iplg.com
15                                              (858) 412-4515
                                                Cal. Bar. No. 157465
16

17
                                                Edmund J. Ferdinand, III
18                                              **FERDINAND IP, LLC**
                                                450 Seventh Avenue, Suite 1300
19                                              New York, NY 10123
                                                jferdinand@24iplg.com
20                                              (212) 220-0523
                                                N.Y. Bar. No. 2605988
21

22
                                                Attorneys for Defendant
23                                              *Hubpages, Inc.*

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: April 17, 2019                    By: */s/ Hillary Bunsow*
                                             Hillary N. Bunsow (SBN 278719)

                                             Attorneys for Plaintiff
                                             *Larry G. Philpot*